2001 OK 100

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Jack B. WILKINS, Respondent.**

**No. SCBD–4652.**

Supreme Court of Oklahoma.

Nov. 20, 2001.

Dan Murdock, General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Jack B. Wilkins, Pro Se Respondent, Oklahoma City, OK.

WATT, V.C.J.:

¶ 1 Respondent, Jack B. Wilkins, has tendered his resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings. The Bar has filed an application for approval of respondent's resignation. Upon consideration of this matter, we find:

1) Respondent executed his resignation on October 24, 2001.

2) Respondent's resignation was freely and voluntarily tendered; he was not subject to coercion or duress; he was fully aware of the consequences of submitting his resignation. Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, app. 1–A (Supp.1997).

3) Respondent was aware the following discipline has been taken against him by the Professional Responsibility Commission and the Supreme Court of Oklahoma:

(a) On September 30, 1988, in OBAD # 885, he was the subject of a private reprimand issued by the Professional Responsibility Commission of the Oklahoma Bar Association.

(b) On June 7, 1995, in SCBD # 4024, he was the subject of a six (6) month suspension issued by the Supreme Court of Oklahoma.

4) Respondent was aware the following grievances have been lodged with the Office of the General Counsel and that investigations are proceeding with regard to these matters:

(a) DC 00–486. A grievance lodged with the Office of the General Counsel on December 29, 2000, which alleges that respondent was paid $1500

in February 1999 as full fee for a criminal appeal. It also alleges an additional $2100 payment for transcripts. Respondent failed to carry this representation through to its completion, failed to communicate with his client, and consequently his client obtained court appointed counsel to complete this matter.

(b) DC 01–035. A grievance was lodged with the Office of the General Counsel on January 24, 2001, which alleges that respondent neglected his client's case, failed to return unearned fees, and would not communicate with his client.

(c) DC 01–236. A grievance was lodged by the Office of the General Counsel on June 11, 2001, which alleges notice from the 10th Circuit that respondent failed to respond on nine occasions. Respondent has failed to file a response pursuant to Rule 5.2, RGDP.

(d) DC 01–280. A grievance was lodged with the Office of the General Counsel on July 3, 2001, which alleges that respondent was retained to file a motion to expedite the release of the son of the individual making the grievance. He was in prison and had completed a drug treatment program. It further alleges respondent failed to communicate with the individual making the grievance. Respondent failed to file a response pursuant to Rule 5.2, RGDP.

(e) DC 01–297. A grievance was lodged with the Office of the General Counsel on July 25, 2001, which alleges respondent was retained in a case but neglected the matter and refused to communicate with the client. Respondent failed to file a response pursuant to Rule 5.2, RGDP.

(f) DC 01–299. A grievance was lodged with the Office of the General Counsel on July 26, 2001, which alleges respondent was retained for representation in several criminal cases, was suspended from the practice of law, dropped out of sight, and the client was forced to retain new counsel. Respondent failed to file a response pursuant to Rule 5.2, RGDP.

(g) DC 01–343. A grievance was lodged with the Office of the General Counsel on September 6, 2001, which alleges respondent neglected a client, failed to communicate with the client, and ignored two letters from the Office of the General Counsel. Respondent failed to file a response pursuant to Rule 5.2, RGDP.

(h) DC 01–356. A grievance was lodged with the Office of the General Counsel on September 24, 2001, which alleges respondent was paid $1000 immediately before he was suspended the from the practice of law. It further alleges respondent failed to appear in Court, failed to notify the client of the court date, and the case was subsequently dismissed due to the failure to appear. It is also alleged that respondent failed to communicate with the client after the case was dismissed, and did not respond to written correspondence from the client. Respondent failed to file a response pursuant to Rule 5.2, RGDP.

(i) DC 01–359. A grievance was lodged with the Office of the General Counsel on September 26, 2001, which alleges that respondent failed to appear for his client's trial. Respondent failed to file a response pursuant to Rule 5.2, RGDP.

5) Respondent was aware that, if proven, the alleged conduct would constitute violations of Rules 1.3 and 5.2, Rules Governing Disciplinary Proceedings, and Rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.16, 3.2, 8.1(b), 8.3(d), and 8.4 of the Oklahoma Rules of Professional Conduct, 5 O.S. ch. 1, app. 3 A (Supp.1997) and his oath as an attorney.

6) Respondent was aware that, pursuant to Rule 8.2, RGDP, either the approval or disapproval of this resignation is within the discretion of the Oklahoma Supreme Court.

7) Respondent has familiarized himself with the provisions of Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty days following the date of his resignation.

8) Respondent acknowledges and agrees that in order to be reinstated to the practice of law, he may do so in full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the Order approving this Resignation Pending Disciplinary Proceedings.

9) Respondent agrees to reimburse the Bar Association should the Bar pay out any funds to his former clients through the Client Security Fund. Should any funds be paid through the Client Security Fund, respondent agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

10) Respondent's name and address as shown by the records maintained by the Oklahoma Bar Association is: Jack B. Wilkins, OBA # 9624, P.O. Box 75219, Oklahoma City, OK 73147. He was admitted to practice law on May 8, 1981.

¶2 **IT IS THEREFORE ORDERED** that complainant's application and respondent's resignation be approved.

¶3 **IT IS FURTHER ORDERED** that respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order.

¶4 **IT IS FURTHER ORDERED** that respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings.

¶5 **IT IS FURTHER ORDERED** that Respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to his former clients for claims made due to his alleged misconduct.

ALL JUSTICES CONCUR.